UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIZABETH GRIMES,

Plaintiff,

v.

HEATH CONSULTANTS, INC., *et al.*,

Defendants.

**DECISION AND ORDER**

6:25-CV-06291 MAV CDH

## BACKGROUND

On June 5, 2025, *pro se* plaintiff Elizabeth Grimes ("Plaintiff") filed a complaint that inconsistently characterized the defendants she sought to sue. (*See* Dkt. 1 at 1[1] (complaint caption, naming Heath Consultants, Inc., Billy Slocum, Liberty Mutual, and Eileena Thompson), 2 (listing the same address for named parties Billy Slocum, Mike Green, and Sonja Edwards), 18 (summons requested for Heath Consultants, Inc., Billy Slocum, Sonja Edwards, Mike Green, "Helmsman Management Services, LLC (Liberty Mutual Subsidiary)," and Eileena Thompson); 19 (civil cover sheet, naming Liberty Mutual Insurance, Heath Consultants, Inc., Sonja Edwards, Eileena Thompson, and Billy Slocum)).

In May 2026, the Hon. Meredith A. Vacca, the presiding District Judge, issued an Order granting Plaintiff's motion to proceed *in forma pauperis* and allowing the

---

[1] Record citations refer to the pagination generated by the CM/ECF system at the top of each filed page.

original complaint to proceed to service. (Dkt. 3). In her Order, Judge Vacca listed the defendants in this action as Heath Consultants, Inc., Billy Slocum, and Eileena Thompson. (*Id.* at 1). Thereafter, the Clerk of Court issued summonses as to defendants Heath Consultants, Inc., Billy Slocum, and Mike Green, but not to Eileena Thompson or any other defendant.

On July 2, 2026, before any defendant had responded to her original complaint, Plaintiff filed an amended complaint, naming only Heath Consultants, Inc., Billy Slocum, Sonja Edwards, and Eileena Thompson as defendants. (Dkt. 9 at 1). The amended complaint also does not include any claim(s) under Title VII, 42 U.S.C. §§ 2000e *et seq.*, which Plaintiff pleaded in her original complaint. (*Id.* at 2). After defendants Heath Consultants, Inc., Billy Slocum, and Sonja Edwards filed an answer to the amended complaint, the case was referred to the undersigned for all pretrial matters excluding dispositive motions. (*See* Dkt. 11–12).

On September 16, 2026, the Court held a telephonic scheduling conference. (Dkt. 14). At the scheduling conference, the Court discussed the issue of the unserved defendants with the parties. (*Id.*). On September 29, 2026, Plaintiff submitted a business address for defendant Eileena Thompson, who—as noted above—was named in both the original and amended complaints.[2] (Dkt. 16). On September 30, 2026, counsel for defendants Heath Consultants, Inc. Billy Slocum, and Sonja Edwards filed a letter with the Court explaining that they had informed Plaintiff that

---

2 Plaintiff had included the same address for defendant Eileena Thompson in her original complaint. (Dkt. 1 at 18).

counsel "accepted service on behalf of Defendant Green effective September 28, 2026," and that the "parties have also agreed that Defendant Green's response to the Complaint will be due by October 28, 2026." (Dkt. 17). This letter does not distinguish between the original and amended complaint, but as noted above, defendant Green is not named in the amended complaint.

**DISCUSSION**

"[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (quotation omitted). However, "in lieu of summary dismissal of omitted claims or defendants, courts should review *pro se* pleadings to determine the litigant's intent." *Spinks v. Doe*, No. 24-CV6607-CJS, 2025 WL 1530763, at *2 (W.D.N.Y. May 29, 2025) (citing *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998)).

Here, Plaintiff's July 2026 amended complaint omits defendants Mike Green, Liberty Mutual, and Helmsman Management Services, LLC, a purported subsidiary of Liberty Mutual, each of whom were, arguably, named in the original complaint. (*Compare* Dkt. 9 at 1-2, *with* Dkt. 1 at 1, 2, 18, 19). Moreover, at least Plaintiff's originally pleaded discrimination and harassment claim(s) under Title VII, *see* 42 U.S.C. §§ 2000e *et seq.*, were omitted from the amended complaint. (*Compare* Dkt. 9 at 1-2, *with* Dkt. 1 at 1, 4, 6, 9-10). Defendants Heath Consultants, Inc., Billy Slocum, and Sonja Edwards, three of the four defendants named in the amended complaint, filed an answer to the amended complaint. (Dkt. 11). After conferencing with the Court regarding unserved defendants, Plaintiff filed a supplemental notice of contact

information for only defendant Eileena Thompson—the fourth and last defendant named in the amended complaint. (*See* Dkt. 15). This course of conduct arguably suggests that Plaintiff intentionally omitted any other previously named defendants from the amended complaint.

But on the other hand, and most recently, counsel for the answering defendants noted that they had discussed service on defendant Green with Plaintiff and agreed to a deadline for his response (*see* Dkt. 17) despite defendant Green not being named in the amended complaint. The summons as to defendant Green that was returned unexecuted after the amended complaint was filed pertained to the original complaint. (*See* Dkt. 13 at 1-5).

Under these circumstances, the Court finds it appropriate to construe Plaintiff's amended complaint, standing alone, as the operative complaint in accordance with the general rule, but to also grant Plaintiff leave to file a second amended complaint, **solely for the limited purpose** of reviving any claims and/or defendants that were pleaded as part of her original June 2025 complaint and inadvertently omitted from the amended complaint. Should Plaintiff wish to file such a second amended complaint, she must do so **within 30 days of this Decision and Order**. She is advised that a second amended complaint will **completely replace** all prior complaints in the action and thus would render her first amended and original complaints (Dkt. 1, 9) of no legal effect. *See Pettaway*, 955 F.3d at 303. Therefore, any second amended complaint must include all allegations against each defendant from her original and first amended complaints on which she intends to

proceed, so that the second amended complaint stands alone as the only complaint in this action. Plaintiff is further advised that a second amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

To emphasize, leave to amend is granted only to revive claims already raised against defendants already identified. Should Plaintiff wish to add new claims and/or new defendants, she must file a timely motion to amend that complies with Rule 15 of the Federal and Local Rules of Civil Procedure and the operative Scheduling Order. (*See* Dkt. 15 at 2 (setting a November 16, 2026 deadline for motions to join parties and amend pleadings)). Should Plaintiff not file a second amended complaint within 30 days of this Decision and Order, this case will continue to proceed with the amended complaint as the operative pleading.

The Court notes that despite being named in both the original and amended complaints, no summons has ever been issued to defendant Eileena Thompson, and she has not been served. Pursuant to Federal Rule of Civil Procedure 4(m), a court must extend the time to serve a defendant if good cause is shown, and a court may do so in the absence of good cause. *Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018), *aff'd*, 776 F. App'x 42 (2d Cir. 2019). Here, it appears that an inadvertent oversight by the Clerk of Court's Office caused defendant Thompson to not be served with the original complaint or the amended complaint. Moreover, Plaintiff appropriately responded to the Court's instructions at the scheduling conference to provide any information she had as to where defendant Thompson could be served. Under these circumstances, the Court finds good cause to extend the time for service,

and *sua sponte* extends the deadline for defendant Thompson to be served to November 30, 2026.

The Clerk of Court is directed to issue a summons as to defendant Eileena Thompson and cause the United States Marshal Service to serve copies of the summons, the original complaint (Dkt. 1), the amended complaint (Dkt. 9), and this Decision and Order on defendant Eileena Thompson, using the address Plaintiff provided in September 2026 (Dkt. 16).

## CONCLUSION

For the reasons set above, the Court construes Plaintiff's July 2026 amended complaint (Dkt. 9), standing alone, as the operative complaint in this matter. Because defendant Green is not named in the amended complaint, he is currently under no obligation to answer or otherwise respond thereto.

The time to serve defendant Eileena Thompson is extended to November 30, 2026. *See* Fed. R. Civ. P. 4(m). The Clerk of Court is directed to issue a summons as to defendant Eileena Thompson and cause the United States Marshal Service to serve copies of the summons, the original complaint (Dkt. 1), the amended complaint (Dkt. 9), and this Decision and Order on defendant Eileena Thompson, using the address Plaintiff provided in September 2026 (Dkt. 16). *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Clerk of Court is further directed to update the case caption to reflect the correct spelling of defendant "Eileena Thompson."

Plaintiff may file a second amended complaint only as directed above **within 30 days of this Decision and Order**. If Plaintiff does not file a Second Amended

Complaint as directed above within 30 days of this Decision and Order, the case will continue to proceed with Plaintiff's July 2026 amended complaint (Dkt. 9) as the operative pleading.

**SO ORDERED.**

Colleen D. Holland

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
October 6, 2026